UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAUL W. O'BRIEN,

                            Appellant,

                                                                 DECISION AND ORDER

                                                                    05-CV-6476L

                        V.

COLONIAL SURETY COMPANY, et al.,

                            Appellees.
_____

       On September 12, 2005, defendant-appellee Colonial Surety Company ("Colonial") moved to dismiss plaintiff-appellant Paul O'Brien's ("O'Brien") appeal from an interlocutory Order of the United States Bankruptcy Court in *In re Paul W. O'Brien*, Bky. Case No. 05-21316-JCN.

       Although the District Court may exercise jurisdiction over an appeal from an interlocutory order of the Bankruptcy Court in limited circumstances, there is no dispute here that O'Brien did not move for leave to appeal from an interlocutory order, as is required by Fed. R. Bankr. P. 8001(b) and 28 U.S.C. § 158(a)(3).

       Instead, by letter dated October 28, 2005, O'Brien stated that he had no opposition to the motion to dismiss the appeal. He conceded that the order appealed from was interlocutory and he agreed to stipulate to dismissal of the appeal. Despite this "stipulation," O'Brien did not comply with Fed. R. Bankr. P. 8001(c) regarding the voluntary dismissal of appeals.

       Dismissal of the appeal, nevertheless, is warranted pursuant to the Court's authority under Fed. R. Bankr. P. 8001(a) to take whatever action it deems appropriate based on an appellant's failure to take any necessary step required by the Rules of Bankruptcy Procedure.

**CONCLUSION**

Colonial's motion (Dkt. #1, Attachment 2) is **GRANTED** and O'Brien's appeal is dismissed.

O'Brien is **ORDERED** to pay costs to Colonial in accordance with the Fed. R. Bankr. P. 8014.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

Dated: Rochester, New York
      November 4, 2005.